UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsd.uscourts.gov

STATE JOINT STOCK HOLDING  　　　　　　　Case No.:
COMPANY ARTEM,

    Claimant,

v.

GRAY FOX AVIATION AND LOGISTICS, INC.
d/b/a GRAY FOX LOGISTICS,

    Respondent.
_____/

## PETITION TO CONFIRM AND ENFORCE FINAL FOREIGN ARBITRAL AWARD

  Petitioner State Joint Stock Holding Company Artem ("Artem" or "Petitioner"), by and through its undersigned counsel, respectfully submits this Petition to Confirm and Enforce the Final Foreign Arbitral Award dated April 30, 2020, awarded in Artem's favor and against Respondent Gray Fox Aviation and Logistics, Inc. d/b/a Gray Fox Logistics ("Gray Fox" or "Respondent") by the Arbitration Institute of the Stockholm Chamber of Commerce ("SCC") in the contractual arbitration between Artem and Gray Fox (the "Final Award").

## PARTIES

  1. Gray Fox Aviation and Logistics, Inc. d/b/a Gray Fox Logistics is a Florida Profit Corporation, with principal place of business in 110 SE 6th St, 17th Floor, Fort Lauderdale, FL 33301.

  2. State Joint Stock Holding Company Artem is a leader in the production of modern high-precision weapons and protection systems based out of the Ukraine, and with principal place of business at 2/10, Melnikova Str., Kyiv, 04050, Ukraine.

## JURISDICTION AND VENUE

3. By way of this petition, Artem seeks confirmation of the Final Award. A true and correct copy of the certified Final Award is attached hereto as **Exhibit A**.

*4.* The Court has subject matter jurisdiction under 9 U.S.C. § 203, Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as the Final Award is an "arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract" and Artem is a citizen of Ukraine. 9 U.S.C.A. § 202; *see also Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 921 F.3d 1291, 1298 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 124 (2019) ("[T]he Convention Act provides two causes of action in federal court for a party seeking to enforce arbitration agreements covered by the . . . Convention: (1) an action to compel arbitration in accord with the terms of the agreement, 9 U.S.C. § 206, and (2) at a later stage, **an action to confirm an arbitral award made pursuant to an arbitration agreement**, 9 U.S.C. § 207.*"*) (emphasis added).

5. Venue is proper as, but for the arbitration agreement, the underlying dispute between the parties could have been brought before this Court. *See* 9 U.S.C. § 204. Venue is further proper under 9 U.S.C. § 204 as Respondent's principal place of business is in Broward County, Florida. *See e.g., Sims v. Royal Carribean Cruises, Ltd.*, 08-22927-CIV, 2009 WL 10668496, at *2 (S.D. Fla. Jan. 21, 2009).

## FACTUAL BACKGROUND

6. On March 12, 2018, Artem and Gray Fox entered into contract # GFA-18031 (the "Contract") under which Gray Fox undertook to "manufacture a semi-automatic machine for

production of 152/155 mm projectile shells with rotating bands and set of spare parts . . ." (the Equipment"). A true and correct copy of the Contract is attached hereto as **Exhibit B.**

7. The Contract was for the total amount of $16,579,000.00; and, it established that, once executed, the price for the Equipment would be fixed and not subject to change, that it would be delivered ten (10) months after Respondent's receipt of the advance payment, and that it would be in compliance with the technical specifications set out in the Contract.

8. Artem made the $8,289,500.00 advance payment to Respondent on May 16, 2020.

9. On August 22, 2018, the Parties executed the First Amendment to the Contract, which incorporated a new version of Appendix 2, Planned Schedule.

10. During the performance of the Contract the Parties discussed various changes in the Equipment and additions to the Contract. However, Respondent failed to deliver by April 2019 and fundamentally breached the Contract by its continuous delays in manufacturing, failing to perform under the agreed upon timeline, and its unilateral refusal to deliver the Equipment in accordance with the technical specification set out in the Contract.

11. On May 14, 2019, and pursuant to the Contract, Artem requested arbitration, **Arbitration No.: SCC V 2019/066**, seeking recovery of the 8,289,500.00 paid by Artem to Respondent under the Contract, along with interests and costs and expenses incurred in the filing and pursuing the arbitration.

12. On April 30, 2020, the SCC's Arbitral Tribunal held that Artem is entitled to avoid the Contract, that it is entitled to recover the $8,289,500.00 advance payment from Respondent, along with interests, and legal costs and expenses incurred by Artem in pursuit of the arbitration in the amount of €87, 530 or $103,255.20[1].

---

[1] Based on the current conversion rate as of August 21, 2020.

307751730.2

## **LEGAL STANDARD**

13. An arbitration agreement is governed by the New York Convention if the following four jurisdictional requirements are met:

> (1) the agreement is 'in writing within the meaning of the [New York] Convention'; (2) 'the agreement provides for arbitration in the territory of a signatory of the [New York] Convention'; (3) 'the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial'; and (4) one of the parties to the agreement is not an American citizen.

*Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1285 (11th Cir. 2015).

14. Confirmation of a arbitral award is governed by 9 U.S.C. § 207, which provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. **The court shall confirm the award** unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (emphasis added).

15. In an action to confirm a foreign arbitral award, the initial burden is on the party applying for recognition to establish jurisdiction by supplying: (1) "[t]he duly authenticated original award or a duly certified copy thereof"; and (2) the original written agreement to arbitrate (or a duly certified copy thereof). *See Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1291 (11th Cir. 2004).

16. "Once the proponent of the award meets his article IV jurisdictional burden of providing a certified copy of the award and the arbitration agreement, he establishes a prima facie case for confirmation of the award." *Id*. at 1292 n.3. "That is, the award is presumed to be confirmable." *Id*.

## ARGUMENT

17. Here, the Contract—which contains the arbitration agreement—is governed by the New York Convention because: 1) it is in writing; 2) it provides for arbitration in Stockholm, Sweden--a State signatory of the New York Convention; 3) it arises out of the Parties' contractual, commercial, legal relationship; and 4) Artem is a citizen of Ukraine, and not the United States.

18. Similarly, the Final Award was made in accordance with the Parties' agreement and is proper in all respects. The Final Award arose out of legal relationship that is commercial in nature and is not entirely between citizens of the United States; thereby falling within the purview of the New York Convention, *See* 9 U.S.C. § 202.

19. The Final Award was issued in Sweden, a nation that is a signatory to the New York Convention and is a state other than the state in which recognition is being sought.

20. This petition is timely because it is filed within three years after the issuance of the Final Award. *See* 9 U.S.C. § 207.

21. Having provided a duly authenticated copy of the Final Award, *see* Exhibit A, and a duly certified copy of the Contract, *see* Exhibit B, Artem has met all its jurisdictional burdens and the Final Award is presumed to be confirmable; and, under 9 U.S.C. § 207, the must Court must confirm the Final Award.

WHEREFORE, Artem respectfully requests that this Court grant this Petition to Confirm and Enforce the Final Foreign Arbitral Award and enter an order: 1) confirming the Final Award as authorized by 9 U.S.C. § 207; 2) enter a judgment confirming the Final Award holding Respondent Gray Fox Aviation and Logistics, Inc. d/b/a Gray Fox Logistics liable to Artem in the amounts of:

      i. $8,289,500.00 corresponding to the advance payment made by Artem to Respondent under the Contract, and

      ii. €87,530 or $103,255.20 corresponding to the costs and expenses incurred by Artem in the Arbitration;

3) award Artem its reasonable costs and fees in bringing this action to confirm and enforce the Final Award pursuant to Fed. R. Civ. P. 54(d)(1); 4) award pre-judgment interests from the date of the Final Award until the date the Court enters the judgment confirming the Final Award, and post-judgment interests; 5) that the Court retain jurisdiction over this action, and, pursuant to Fed. R. Civ. P. 69, that it permit any discovery that may be proper to aid in the enforcement of the judgment; and 6) any and all such relief as the Court may deem just and proper.

Dated: August 21, 2020

Respectfully submitted,

K&L GATES, LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida  33131
Telephone:  305-539-3300
Facsimile:  305-358-7095

By: */s/ Steven R. Weinstein*
     Steven R Weinstein
     Florida Bar No. 985848
     steven.weinstein@klgates.com
     Javier Roldán Cora
     Florida Bar No. 1010311
     javier.roldancora@klgates.com